# EXHIBIT A

⑤
26348
CAC/EH

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, CHANCERY DIVISION

DWAYNE S. ARMBRISTER,                )
on behalf of himself and the classes )
described below,                     )
                                     )
                 Plaintiff,          )
                                     )
        vs.                          )        11 CH 41471
                                     )
PUSHPIN HOLDINGS, LLC,               )
                                     )
                 Defendant.          )

2011 DEC -5 A 9:01
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
CHANCERY DEPARTMENT

### COMPLAINT -- CLASS ACTION

### INTRODUCTION

1.  Plaintiff brings this action to secure redress for unlawful collection practices engaged in by defendant.

### PARTIES

2.  Plaintiff Dwayne S. Armbrister is a resident of North Carolina.

3.  Defendant Pushpin Holdings, LLC is a limited liability company organized under Delaware law. Its agent for service of process is CT Corporation System, 111 Eighth Avenue, New York, NY 10011, or Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

4.  Defendant Pushpin Holdings, LLC is subject to the jurisdiction of this Court because (a) this action concerns the legality of some 300 lawsuits which Pushpin has filed in the Circuit Court of Cook County beginning in August 2011, and (b) threats to bring numerous other such lawsuits in the Circuit Court of Cook County (c) filed and made on behalf of Pushpin by an Illinois attorney, and (d) the leases at issue provide for jurisdiction in Chicago, Illinois.

5.  On information and belief, the business of Pushpin Holdings, LLC consists of filing and threatening to file suit on old, time-barred debts.

FICHE A 3 - JUN 1981

UER 6310

6. On information and belief, based on debt buying industry statistics, Pushpin paid perhaps a penny on the dollar for these debts. See "What's Really Going On In Debt Purchasing," Inside ARM, December 11, 2010.

## FACTS RELATING TO PLAINTIFF

7. In late 2002, plaintiff operated a company, Ace Security Laminates, LLC, in North Carolina.

8. On or about September 6, 2002, plaintiff leased equipment (two credit card processing machines) from a unit of CIT Financial, in Chicago, Illinois, and personally guaranteed the lease.

9. The transaction between an Illinois lessor and a North Carolina lessee involved interstate commerce.

10. Plaintiff's business failed in 2003. The last payment on the lease was made in early 2003.

11. Plaintiff returned the equipment at about the same time. To the best of plaintiff's recollection, he was not notified of any sale or disposition of the equipment or balance owed.

12. Plaintiff heard nothing further about the lease until 2011.

13. In May 2011, plaintiff received the letter attached as Appendix A from defendant.

14. Appendix A represents that "your delinquency has been reported to the credit bureaus as a chargeoff or collection account and will be reflected on your credit report."

15. In mid-November 2011, plaintiff received the documents in Appendix B consisting of a form demand letter for $7,628.22 and a draft form complaint. The lease and guaranty signed by Mr. Armbrister are attached to the draft complaint.

16. In Appendix B, defendant Pushpin Holdings, LLC threatens to file suit in the Circuit Court of Cook County against Mr. Armbrister.

## WRONGFUL THREAT OF CREDIT REPORTING BY DEFENDANT

17.     The representation in Appendix A relating to credit reporting was false and known to be false by defendant.

18.     Under federal law, a delinquent debt cannot appear on a person's credit report more than 7 years and 180 days after the beginning of the delinquency. The Fair Credit Reporting Act, 15 U.S.C. §1681c ("FCRA"), provides:

> **§ 1681c. Requirements relating to information contained in consumer reports**
>
> **(a) Information excluded from consumer reports. Except as authorized under subsection (b), no consumer reporting agency may make any consumer report containing any of the following items of information:**
>
>> **(1) Cases under title 11 of the United States Code or under the Bankruptcy Act that, from the date of entry of the order for relief or the date of adjudication, as the case may be, antedate the report by more than 10 years.**
>>
>> **(2) Civil suits, civil judgments, and records of arrest that, from date of entry, antedate the report by more than seven years or until the governing statute of limitations has expired, whichever is the longer period.**
>>
>> **(3) Paid tax liens which, from date of payment, antedate the report by more than seven years.**
>>
>> **(4) Accounts placed for collection or charged to profit and loss which antedate the report by more than seven years.**
>>
>> **(5) Any other adverse item of information, other than records of convictions of crimes which antedates the report by more than seven years. . . .**
>
> **(c) Running of reporting period.**
>
>> **(1) In general. The 7-year period referred to in paragraphs (4) and (6) of subsection (a) shall begin, with respect to any delinquent account that is placed for collection (internally or by referral to a third party, whichever is earlier), charged to profit and loss, or subjected to any similar action, upon the expiration of the 180-day period beginning on the date of the commencement of the delinquency which immediately preceded the collection activity, charge to profit and loss, or similar action. . . .**

There is an exception for special reports prepared in connection with credit and life insurance

transactions involving more than $150,000 and employment at more than $75,000.

19.    At the time <u>Appendix A</u> was sent, the reporting period with respect to plaintiff's debt had expired.

20.    Defendant knew or was chargeable with knowledge that the reporting period had expired.

## TIME-BARRED NATURE OF DEBT

21.    The statute of limitations applicable to the collection of a debt based on the sale or lease of goods is four years under sections 2-725 (sale) and 2A-506 (lease) of the Uniform Commercial Code. <u>Citizens National Bank of Decatur v. Farmer</u>, 77 Ill. App. 3d 56; 395 N.E.2d 1121 (4th Dist. 1979); <u>Fallimento C.Op.M.A. v. Fischer Crane Co.</u>, 995 F.2d 789 (7th Cir. 1993).

22.    Section 2A-506 of the UCC, 810 ILCS 5/2A-506, provides: "An action for default under a lease contract, including breach of warranty or indemnity, must be commenced within 4 years after the cause of action accrued. . . ."

23.    Any cause of action arising out of the failure of plaintiff or his company to make under payment under the lease accrued in 2003 and was barred by limitations by 2007.

24.    Defendant knew or was chargeable with knowledge that the debt was time-barred.

## ILLEGAL PRACTICES OF DEFENDANT

25.    Defendant Pushpin Holdings, LLC regularly files suit in the Circuit Court of Cook County, Illinois on similar leases against persons located throughout the United States. It has filed some 300 cases beginning in August 2011.

26.    Defendant Pushpin Holdings, LLC regularly threatens to file suit in the Circuit Court of Cook County, Illinois on similar leases against persons located throughout the United States.

27.    Defendant Pushpin Holdings, LLC regularly represents that debts will

appear on credit reports that are so old that they can no longer appear on a credit report.

28.   The victims of these practices are, on information and belief, persons associated with small businesses similar to plaintiff.

29.   The amounts demanded generally do not exceed $10,000. In many cases, they involve $1,500 to $3,000.

30.   Attached as Appendix C is a list of over 300 Cook County Circuit Court filings by Pushpin Holdings, LLC, beginning in August 2011.

31.   On information and belief, most or all of the debts involved CIT leases substantially similar to that signed by plaintiff.

32.   On information and belief, the leases are of similar vintage to that in Appendix B.

33.   In Appendix B, Pushpin claims to have acquired in 2010 a portfolio of leases originated by CIT.

34.   Both the filing of lawsuits by Pushpin Holdings, LLC and the sending of letters such as those in Appendix A and Appendix B are wrongful, for several reasons:

35.   First, the representations relating to credit reporting are false.

36.   Second, the claims are obviously time-barred. The only manner in which defendant can prevail is if the defendants do not appear and assert their rights.

37.   Third, many of the CIT leases provide (paragraph 21) for mandatory arbitration before the American Arbitration Association ("AAA"). This arbitration clause does not, unlike most arbitration clauses, give each party an option to arbitrate, but provides that "Any claim or controversy, including any contract or tort claim between or among us, you or any Guarantor related to this Lease, *shall* be determined by binding arbitration . . . ." (Emphasis added).

## DEFENDANTS' ATTEMPT TO OBTAIN FRAUDULENT DEFAULT JUDGMENTS

38.   The AAA rules permit distant parties to participate in arbitrations of

5

modest size by telephone or written submission.

39.    On information and belief, during 2001 CIT revised its forms to include arbitration clauses.

40.    A lawsuit filed in the Municipal Department of the Circuit Court of Cook County, such as that threatened in Appendix B, will result in a default judgment unless the defendant appears in court, personally or by attorney.

41.    An AAA arbitration thus does not require that the defendant hire an attorney or personally appear in Chicago, Illinois, while a Circuit Court lawsuit does.

42.    An obvious statute of limitations defense would be ideally suited for resolution by telephone or written submission under the AAA rules.

43.    By threatening to file and filing lawsuits in the Circuit Court when the applicable agreement provided for arbitration, Pushpin Holdings fraudulently contrived to prevent the putative debtors from asserting known valid defenses, and obtain money and default judgments which it had no right to obtain.

## FRAUDULENT NATURE OF DEFENDANT'S PRACTICES

44.    Defendant knew or should have known that the statute of limitations applicable to such debts is four years.   The statute is a standard UCC provision and an entity in the business of acquiring alleged debts governed by the UCC knows or should know it.

45.    Defendant knew or should have known that the debts at issue were so old that they could no longer appear on a credit report.

46.    Most or all of the lawsuits defendant brings and threatens are of modest amounts, not exceeding $10,000. Some involve only $1,500 to $3,000.

47.    As a result, the persons sued cannot economically appear in person or retain counsel in Chicago to defend such suits, as doing so would require them to pay an amount comparable to that sought in the lawsuits.

48.    Defendant engages in a pattern and practice of filing and threatening suits

6

on time-barred debts of modest amounts, knowing that the persons sued could not economically defend such suits, while intentionally disregarding the arbitration provisions which would allow a defense to be presented.

49. Defendant engages in a pattern and practice of wrongfully threatening to cause debts to appear on credit reports when it knows they are too old to so appear.

50. The overall course of conduct engaged in by defendant is to use false representations, unfounded threats of credit reporting and suits in a distant forum, and the actual filing of time-barred lawsuits in a distant forum to extract money based on debts that are not legally enforceable, for which defendant has paid trivial sums.

51. On information and belief, all of the leases at issue provide for the application of Illinois law.

## CLASS ALLEGATIONS

52. Plaintiff brings this claim on behalf of three classes, which overlap.

53. Class A consists of (a) all persons sued or threatened with suit in Illinois (b) by Pushpin Holdings, LLC (c) on a lease containing an arbitration clause similar to that in Appendix B.

54. Class B consists of (a) all persons sued or threatened with suit in Illinois (b) by Pushpin Holdings, LLC (c) on a lease (d) where the date of default or last payment (whichever is later) occurred more than four years prior to the suit or threat.

55. Class C consists of (a) all persons who were sent a letter by or on behalf of Pushpin Holdings, LLC (b) that referred to credit reporting (c) with respect to a defaulted lease (d) where the date of default occurred more than 7 years and 180 days prior to the suit or threat.

56. The members of the classes are so numerous that joinder of all members is not practicable, in that:

    a.     Pushpin has filed suit in the Circuit Court of Cook County against more than 300 persons, located throughout the United States.

7

b. Random examination of the court files discloses that the leases are of vintage similar to that in <u>Appendix B</u>; i.e., the claims are time-barred and beyond the FCRA reporting period.

c. The same examination discloses that many of the leases contain arbitration clauses, as described above.

d. Defendant sends a letter referring to credit reporting, such as <u>Appendix A</u>, to all persons whose leases it acquires.

57. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are:

(1) Whether Pushpin was required to arbitrate claims where the leases contained mandatory arbitration clauses.

(2) Whether Pushpin violated the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2 ("ICFDBPA"), by wrongfully attempting to extort money from the class members by threatening or filing time-barred lawsuits and falsely threatening to have debts appear on credit reports when the debts were too old.

58. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and collection abuse litigation. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

59. A class action is appropriate for the fair and efficient adjudication of this matter, in that:

a. Individual actions are not economically feasible.

b. Members of the class are likely to be unaware of their rights;

8

c. Defendant's actions have been contrived to prevent members of the class from asserting their rights.

## COUNT I – FEDERAL ARBITRATION ACT

60. Plaintiff incorporates paragraphs 1-59.

61. This claim is brought on behalf of Class A.

62. The claims against plaintiff and the members of Class A are subject to arbitration.

63. The filing and threatened filing of lawsuits against plaintiff and the members of the class is wrongful.

64. Under the Federal Arbitration Act, 9 U.S.C. §1 et seq., both CIT and any claimed successor, such as Pushpin Holdings, LLC, was obligated to arbitrate any claim against a lessee.

65. Plaintiff requests that Pushpin Holdings, LLC be compelled to arbitrate all claims it has against lessees or guarantors who have arbitration clauses in their contracts.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class members and against defendant for:

(1) An injunction requiring defendant to (a) file individual arbitrations before the AAA to collect any claims similar to that in Appendix B, (b) vacate any judgments it has obtained against class members, (c) return any funds it has obtained pursuant to such judgments.

(2) Costs of suit;

(3) Such other and further relief as the Court deems proper.

## COUNT II – ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

66. Plaintiff incorporates paragraphs 1-59.

67. This claim is brought on behalf of the members of all three classes.

9

68. Defendant engaged in unfair and deceptive acts and practices, in violation of 815 ILCS 505/2, by:

    a.     Threatening and filing suits when defendant was required to arbitrate;

    b.     Threatening and filing suits when the debts were patently time-barred;

    c.     Threatening and filing suits when the filing of suit represented an attempt to take advantage of the fact that a personal appearance by the defendant or counsel is required in the Circuit Court of Cook County but not under the AAA rules;

    d.     Threatening and filing suits where the amount claimed was such as to make personal appearance in Chicago economically infeasible.

    e.     Falsely representing that old debts could appear on credit reports when the default occurred more than 7 years and 180 days previously.

69. Defendant's practice is deceptive because defendant falsely represents that it has valid, legally enforceable claims and falsely represents that debts could appear on credit reports.

70. Defendant's practice is unfair because defendant is demanding money to which it knows it is not entitled to avoid inflicting greater economic injury on the defendant.

71. Defendant engaged in such conduct in the course of trade and commerce.

72. Defendant engaged in such conduct for the purpose of obtaining money from plaintiff and the class members, to which it was not entitled.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the members of the classes and against defendant for the following relief:

    (1)     An injunction restraining defendant from filing or

threatening to sue on leases containing arbitration clauses;

(2)     An injunction restraining defendant from filing or
threatening to sue on leases where the alleged default
occurred more than 4 years previously;

(3)     An injunction restraining defendant from threatening to
report or reporting debts to credit bureaus when the alleged
default occurred more than 7 years and 180 days
previously;

(4)     Disgorgement of all sums obtained by defendant following
the unlawful actions and threats described above;

(5)     An order requiring defendant to vacate any judgments it
has obtained against class members;

(6)     Punitive damages;

(7)     Awarding attorney's fees, litigation expenses and costs of
suit;

(8)     For such other and further relief as the Court deems proper.

_____
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Catherine A. Ceko
EDELMAN, COMBS, LATTURNER
    & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.   All rights relating to attorney's fees have been assigned to counsel.

_____
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\26348\Pleading\Complaint -- revised_Pleading.WPD



# PUSHPIN HOLDINGS LLC

May 16, 2011

DWAYNE ARMBRISTER

Redacted .............................IIII

Re: Equipment Lease Agreement
    Lease Number:            case number with Lease Finance Group
    Outstanding Balance: $9,252.35

## NOTICE OF ACQUISITION AND DEMAND FOR PAYMENT

Dear Dwayne Armbrister,

Please take notice that PUSHPIN HOLDINGS LLC (PUSHPIN) has recently acquired all of the rights, title and interest to certain commercial equipment finance lease agreements and personal guarantees thereupon originally held by LEASE FINANCE GROUP. Additionally, the above-referenced commercial equipment finance lease was included in the purchase.

Due to your continued delinquency and failure to pay the outstanding balance listed above, your account has been referred to my department to **initiate a civil action against you** as allowed under the personal guaranty in your lease agreement. Accordingly, demand is hereby made for payment in full.

Please be advised that **your delinquency has been reported to the credit bureaus as a chargeoff or collection account** and will be reflected on your credit report. Once your outstanding balance is paid in full, we will notify the credit bureaus that the outstanding balance has been paid.

Please send your payment in the amount of **$9,252.35** to the address stated below **within ten (10) days from the date of this letter**. Please write your lease number on your check or money order. Payment can also be made via CREDIT CARD, DEBIT CARD, CHECK BY PHONE, WESTERN UNION or overnight delivery using our FEDERAL EXPRESS service. Please contact me to use any of the payment methods mentioned above.

I may be reached at (888) 271-4480. Please govern yourselves accordingly.

Sincerely yours,

Alethea Wiggins
Account Manager
Legal Collections Department

---

1 Penn Plaza Box# 6255
New York, New York 10119

Monday- Friday
8:30am – 5:30pm EST

51L-H

Redacted

November 8, 2011

DWAYNE ARMBRISTER

Dear DWAYNE ARMBRISTER:

We have been retained by Pushpin Holdings LLC (PUSHPIN) to enforce its rights under the above-referenced lease agreement and associated personal guaranty.

Notwithstanding prior notices and demands, ACE SECURITY LAMINATES ("Lessee") remains in default of its payment obligations. PUSHPIN has accelerated all remaining lease payments, and accordingly, accounting for total obligations that may be recoverable by PUSHPIN, the Lessee now owes PUSHPIN the sum of $7,628.22. The personal guaranty agreement executed in association with the equipment finance lease provides that you, as personal guarantor, will be fully responsible for all of the Lessee's obligations thereunder in event of its default.

Our firm has been directed to commence a legal action to enforce the terms of the agreement and guaranty and obtain a money judgment against you if you do not pay the balance due thereunder. Take notice that a judgment against you may include costs, disbursements and our reasonable attorney's fees. To that end, we are prepared to file a fully executed copy of the attached draft complaint with the court and serve the same upon you if necessary.

At this juncture, we will afford you one additional opportunity to resolve this matter amicably by forwarding your payment of the amount due within ten (10) days of your receipt of this letter. If you would like to make a payment arrangement, **you are authorized to directly contact KAZUEL BAILEY the representative of this account at the Legal Collections Department of PUSHPIN at 1(888) 271-4480** to discuss this matter further. A member of PUSHPIN's Legal Collections Department may contact you directly as well for the purposes of resolving this matter.

Your cooperation in this matter is appreciated.

Very truly yours,

*LAW OFFICES OF ARI R. MADOFF, P.C.*

By: _____
One of its Attorneys

THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE

PUSHPIN HOLDINGS LLC

    Plaintiff

v.

DWAYNE ARMBRISTER, AKA DWAYNE S
ARMBRISTER

    Defendant

Case Number:

**COURT**

Amount Claimed: $7,628.22 plus costs & fees

## VERIFIED COMPLAINT

NOW COMES Plaintiff PUSHPIN HOLDINGS LLC ("PUSHPIN" or "Plaintiff"), by and through its

Attorneys LAW OFFICES OF ARI R. MADOFF, P.C., and for its Complaint against Defendant DWAYNE

ARMBRISTER, AKA DWAYNE S ARMBRISTER ("Defendant") alleges as follows:

### PARTIES, VENUE AND JURISDICTION

1. Plaintiff is a Delaware limited liability company.

2. Upon information and belief, Defendant is an individual residing in CHARLOTTE, NC and is party to

present action pursuant to a Personal Guaranty executed by Defendant. Jurisdiction and Venue is appropriate as

present action arises pursuant to a Personal Guaranty agreement executed by Defendant as Guarantor. The Personal

Guaranty contains Defendant's express consent to the jurisdiction and venue of this Court. (See Personal Guaranty

of Defendant, Exhibit A, p. 1).

### ALLEGATIONS COMMON TO ALL COUNTS

3. In the course of its business, Plaintiff purchased and acquired the rights, title and interest to executed

equipment finance agreements for leasing of commercial electronic point-of-sale equipment ("equipment") to

merchants selecting such equipment from a third-party equipment vendor or supplier.

4. Pursuant to the regular course of business described above, Plaintiff, for good and valuable consideration,

acquired by assignment all rights, title and interest of the Original Lessor or its assignee to a commercial equipment

LSE. 1207641

finance lease agreement ("Agreement") and accompanying Personal Guaranty Agreement between Lessor and ACE SECURITY LAMINATES ("Lessee"), original Contract No. 672008 assigned No. 1207641, payment on which was subject to a Personal Guaranty contract executed by defendant. The Agreement and the executed Personal Guaranty Contract ("Personal Guaranty") are attached hereto as Exhibit A.

5. The Agreement provide that in the event of a default, Plaintiff may require immediate payment of all amounts then due plus the unpaid balance of the remaining monthly payments for the original term of the Agreement.

6. Defendant, by execution of a Personal Guaranty contract, unconditionally guaranteed all of the Lessee's obligations to the plaintiff under the Agreement, including the basic monthly payment to the plaintiff of $118.00 for a period of 48 months, plus plaintiff's attorney's fees and legal costs incurred in enforcing the Agreement.

7. ACE SECURITY LAMINATES defaulted by failing to make its required monthly payments due under the Agreement on 2/16/2003. Prior to its default, ACE SECURITY LAMINATES made payments under the Agreement and was properly credited for an amount totaling $354.00.

8. As a result of the above failure to make scheduled payments pursuant to the Agreement, Plaintiff declared immediately due and payable all accrued and unpaid monthly payments in the total amount of $5,310.00, plus attorney's fees, as provided for under the Agreement with interest accruing from date of default.

9. Pursuant to the executed Personal Guaranty, Demand has been made upon Defendant, in their capacity as Personal Guarantor, for the above balance due Plaintiff, but defendant has failed to pay and still continues to refuse to pay said balance due and owing under the Personal Guaranty.

## COUNT ONE: BREACH OF CONTRACT (BREACH OF PERSONAL GUARANTY)

10. Plaintiff realleges and incorporates all allegations set forth above in paragraphs 1-9 as though fully alleged herein.

11. As a result of Lessee's failure to make the payment due on 2/16/2003 and each and every monthly payment due thereafter, as specified in the Agreement, there has been a default under the Agreement and the contract has been breached.

12. By reason of the foregoing, there is presently due and owing from the Lessee to Plaintiff the remaining unpaid balance under the Agreement of $5,310.00, plus an amount of $2,318.22 accounting for prejudgment

LSE. 1207641

interest of five-percent accruing thereon from 2/16/2003 pursuant to 815 ILCS 205/1 *et. seq.* for a total amount claimed of $7,628.22.

13. Accordingly, by reason of the Defendant's obligations under the executed Personal Guaranty, there is presently due and owing to Plaintiff from Defendant, as the signatory of the Personal Guaranty contract, the total sum of $7,628.22.

### COUNT TWO: RECOVERY OF ATTORNEY'S FEES PURSUANT TO AGREEMENT

14. Plaintiff realleges and incorporates all allegations set forth above in paragraphs 1-13 as though fully alleged herein.

15. Defendant unconditionally guaranteed all obligations to the plaintiff under the Agreement, including payment of plaintiff's attorney's fees and legal costs incurred in enforcing the Agreement.

16. By reason of defendant's unconditional guaranty to pay plaintiff's attorney's fees and legal costs incurred in enforcing the Agreement, there is due and owing from the Defendant to Plaintiff attorney's fees in a sum no less than $350.00 plus costs and fees incurred in bringing the present action.

WHEREFORE, plaintiff demands judgment against defendant as follows:

A. For Count One against defendant, the sum of $7,628.22.

B. For Count Two against defendant, for attorney's fees in a sum no less than $350.00

C. Possession of any equipment subject to the Agreement if any such equipment is remaining in Defendant's possession and;

D. Costs and Fees and;

E. Any such other and further relief as this Court may deem just and proper.

Respectfully submitted,

PUSHPIN HOLDINGS LLC

PLAINTIFF

By: _____

One of Plaintiff's Attorneys

Law Offices of Ari R. Madoff, P.C. (Firm No. 48674)
Attorneys for Pushpin Holdings LLC
Mailing Address: PO Box 64777
Chicago, Illinois 60664-0777
*T:312/379/9529 312/980/6819(F)*

LSE. 1207641

RE:
PUSHPIN HOLDINGS LLC                    )    State of NY
      Plaintiff                        )    SS
v.                                       )    County of New York
DWAYNE ARMBRISTER, AKA DWAYNE S ARMBRISTER    )
Defendant

## VERIFICATION AND AFFIDAVIT OF CLAIM
### VERIFICATION (735 ILCS 5/1-109)

I, ALISHA RIOS, declare under penalties as provided by law pursuant to Section 1-109 of the Illinois Code of Civil Procedure:

    that I am the Executive Legal Administrator of the Plaintiff herein.;

    that I have read the foregoing Verified Complaint and know the contents thereof;

    and that to the best of my knowledge all of the statements in the foregoing Verified Complaint are true and correct; except as to matters therein stated to be made upon information and belief (as to which I believe such statements are true).

### AFFIDAVIT

Further, I, ALISHA RIOS, declare under penalties as provided by law pursuant to Section 1-109 of the Illinois Code of Civil Procedure, being first duly sworn upon oath or affirmation, depose and state as follows:

1. That I am duly authorized agent and Executive Legal Administrator of Plaintiff in the above captioned matter and I am authorized and qualified with full authority to make this affidavit as a representative of the Plaintiff herein. In performing my duties on behalf of Pushpin Holdings LLC, I am familiar with and have access to the books and records of the Plaintiff herein.

2. That the Plaintiff holds all rights, title and interest of the original Lessor and is the owner and current creditor-holder of the Agreement, original Lease #672008, assigned No. 1207641 and the executed Personal Guaranty subject of this action; having purchased in the ordinary course of business the account in good faith and for good and valuable consideration from the Original holder or its assignee/successor in interest.

3. That Plaintiff maintains, in the regular course of its business, computer records on which entries are made by a person with direct knowledge of the information therein or knowledge based on documents provided by the original holder and/or its assignee to Plaintiff which have been incorporated into Plaintiff's books, records and electronic records.

4. That Defendant has defaulted in his/her payment obligations to the original holder and/or its assigns and the balance due and owing to the Plaintiff as of the date hereof is $7,628.22 which balance is comprised of $5,310.00 plus prejudgment interest of $2,318.22, having accrued at 5% percent *per anum* pursuant to statute as of the date hereof. The costs and the reasonable attorneys fees reflected in the attached verified complaint at law are currently due and owing Plaintiff pursuant to the Agreement. The account has been credited for all payments and credits due.

5. The Exhibits attached to the Complaint and/or this Affidavit are true & accurate copies, which were kept in the ordinary course of business and properly reflect Defendants obligations under the subject Agreement(s) and/or Contracts and Guarantees.

6. If called as a witness I could competently testify to the matters stated in this affidavit.

The above Verification and Affidavit Sworn to before me this 11/8/2011

                                       ALISHA RIOS
                                       Title: EXECUTIVE LEGAL ADMINISTRATOR

LUISA TATBAK
Notary Public, State of New York  No. 01TA6208843
Qualified in Kings County   My Commission Expires July 13, 2013

**CIT**

LEASE FINANCE GROUP, A DIVISION OF CIT FINANCIAL USA, INC.
233 N. Michigan Ave., Suite 1800
Chicago, IL 60601-5519 • (312) 960-5400 • Fax (312) 960-5799

LEGAL NAME OF LESSEE ("LESSEE")

*Ace Security Laminates, LLC*

☐ CORPORATION
☐ PROPRIETORSHIP
☐ PARTNERSHIP

AGREEMENT

$10.00

from above

The equipment ("Equipment") and the software and related license agreement(s) ("License Agreement(s)" and collectively with the software, the "Software") described above shall be referred to collectively as the "Property".

| SCHEDULE OF PAYMENTS | | PAYABLE AT SIGNING OF THE LEASE | |
|---|---|---|---|
| TERM IN MONTHS **48** | BASE MONTHLY PAYMENT OF $ **118.00** PER MONTH | ☐ FIRST AND LAST MONTHLY PAYMENT | $ |
| COMMENCEMENT DATE | PLUS TAXES AND OTHER FEES AS DESCRIBED IN THE TERMS AND CONDITIONS BELOW | ☐ FIRST MONTHLY PAYMENT | $ |
| | | ☐ OTHER | $ |
| | | TOTAL $ **-0-** | |

**TERMS AND CONDITIONS** (See other side for additional Terms and Conditions)

CIT Financial USA, Inc. or its designee, successor or assign (hereinafter "Lessor") to automatically withdraw my monthly rental payment and any amounts, including any and all taxes or other charges now due or hereinafter imposed, owed in conjunction with the above referenced Non-Cancellable Lease (hereinafter "Lease") by initiating debit entries to my account at the financial institution (hereinafter "Bank") evidenced on the check copy provided, or such other Bank that may be used by me from time to time. As set forth in paragraph 16, I the event of default of my obligations hereunder, I authorize the Lessor to debit my account for the full amount due under the Lease. A rental payment (whether paid by debit or other means) that is not honored by my Bank for any reason will be subject to a $10.00 service fee imposed by Lessor, the amount of which may be debited from my account. Further, I authorize my Bank to accept and to charge any debit entries initiated by Lessor to my account. This authorization is to remain in full force and effect until Lessor has received writt notice from me of its termination in such time and in such manner as to afford Lessor a reasonable opportunity to act.

BANK ▆▆▆▆▆▆▆▆▆ ROUTING NO. ▆▆▆▆▆▆▆▆▆ ACCOUNT NO. ▆▆▆▆▆▆▆▆▆

**I HAVE READ AND AGREED TO THE TERMS WHICH APPEAR ON BOTH SIDES OF THIS LEASE DOCUMENT.** I represent that the Property is being leased for business and or professional purposes and agree that under no circumstances shall this Lease be construed as a consumer contract. I acknowledge receipt of a copy of this Lease Agreement with all lease terms filled in, and acknowledge and agree that I shall be deemed to have unconditionally accepted the Property you have leased me under our Lease Agreement, particul last of which are given above. Lessee's signature herein authorizes Lessor to verbally verify by telephone with representative of Lessee on a verification certificate, the date and time of such verification, the terms and conditions of the Lease, the type and make of the Property under the Lease, that all necessary installation has been completed and the Property is in good operating order and in all respects satisfactory to Lessee; and that the monthly rental payment will be automatically debited from the Lessee's verified account number and designate account.

ACCEPTED BY LESSOR:
LEASE FINANCE GROUP, A DIVISION OF
CIT Financial USA, Inc.

Authorized
Signature _____

Title _____ Date _9/11/02_

ACCEPTED BY LESSEE:
LESSEE #1

Signature _Dwayne Armbrister_
Print Name _Dwayne Armbrister_
Title _President_ Date _9-6-02 Fri_

Witness Signature _Tanya Wilson_

LESSEE (FULL LEGAL NAME)
LESSEE #2 (if applicable)

Signature _____
Print Name _____

Date _____

**PERSONAL GUARANTY**

To induce Lessor to enter into this Lease, the undersigned unconditionally guarantees to Lessor the prompt payment when due of all of Lessee's obligations to Lessor under the Lease. Lessor shall not be required to proceed against Lessee or the Property or enforce any other remedy before proceeding against the undersigned. The undersigned agrees to pay a attorney's fees and other expenses incurred by Lessor by reason of default by the Lessee or the undersigned consents to any extensions or modifications granted to Lessee and the release and/or compromise of any obligation of Lessee or any other obligors and guarantors without in any way releasing the undersigned from its obligations hereunder. This is a continuing Guaranty and shall not be discharged or affected by death of the undersigned, shall bind the heirs, administrators, representatives, successors and assigns, and may be enforced by or for the benefit of any assignee or successor of Lessor. The undersigned agrees and consents to the Court of the State of Illinois having jurisdiction in Cook County a any Federal District Court having jurisdiction in said county shall have jurisdiction and shall be the proper venue for the determination of all controversies and disputes arisin hereunder. The undersigned agrees and consents that the service of process by registered or certified mail will be sufficient to obtain jurisdiction.

Guarantor Signature _Dwayne Armbrister_

Date _9-6-02_

Guarantor Signature #2

(if applicable)

No title allowed

Date _____

Witness Signature _Tanya Wilson_

Date _9-6-02_

We have written this Lease in plain language because we want you to fully understand its terms. Please read your copy of this Lease carefully and feel free to ask us any questions you

5. NO WARRANTIES. The Property is subject to any warranties made by the manufacturer or the Equipment or licensor of the Software ("Licensor") and any limitation thereof. The Property is sold "AS IS" and Lessee IS NOT LIABLE FOR THE PERFORMANCE OF THE EQUIPMENT, THE SOFTWARE, THE LICENSOR OR ANY OTHER PARTY'S FAILURE TO PROVIDE SERVICE. YOU ACKNOWLEDGE THAT WE DID NOT MANUFACTURE OR LICENSE THE PROPERTY AND THAT WE SELECT IT. WE DO NOT REPRESENT THE MANUFACTURER OR THE LICENSOR AND YOU SELECTED THE PROPERTY BASED UPON YOUR OWN JUDGEMENT. WE MAKE NO WARRANTIES, EXPRESS OR IMPLIED, INCLUDING WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE. YOU AGREE THAT, REGARDLESS OF CAUSE, WE ARE NOT RESPONSIBLE FOR, AND YOU WILL NOT MAKE ANY CLAIM AGAINST US FOR, ANY DAMAGES, WHETHER LOST PROFITS, LOST DATA, CONSEQUENTIAL, DIRECT, SPECIAL, PUNITIVE OR INDIRECT, RELATING TO THE PROPERTY. YOU AGREE THAT IN THE EVENT OF A BREACH OR DEFAULT UNDER THE LICENSE AGREEMENT, LESSEE'S SOLE REMEDY SHALL BE AGAINST THE LICENSOR. We hereby notify you that you may have rights under any supply contracts or the License Agreement, and that you may contact the supplier or the Licensor for a description of those rights or any warranties.

6. TERM AND RENT. The Lease term shall commence as of the date that the Lease is accepted by us, ("the Commencement Date"), and shall continue until your obligations under the Lease shall have been fully performed. Each installment of rent shall be payable monthly in advance, the first such payment being due on the date you sign this Lease, or at such later time as agreed to by us, and the second payment shall be due the following month on the day of the month we designate in writing (hereinafter "Payment Day"), and subsequent payments will be due on the Payment Day of each successive month until the balance of the rent and any additional rent or fees chargeable to you under this Lease have been paid in full. All payments of rent shall be made to us at the address set forth herein or such other address that we may designate in writing. YOUR OBLIGATION TO PAY SUCH RENTALS SHALL BE ABSOLUTE AND UNCONDITIONAL, AND IS NOT SUBJECT TO ANY ABATEMENT, SET-OFF, DEFENSE OR COUNTERCLAIM FOR ANY REASON WHATSOEVER, INCLUDING ANY ACTION BY LICENSOR OR ANY OTHER THIRD PARTY. You hereby authorize us to insert the serial numbers and other identification data of the Property leased hereunder to us and the dates or other omitted factual matters. If a security deposit is indicated above, the same shall be held by us to secure the faithful performance of the terms of this Lease and returned or applied in accordance with Paragraph 18 hereof.

7. ASSIGNMENT. (a) WE MAY ASSIGN OR TRANSFER THIS LEASE OR OUR INTEREST IN THE PROPERTY WITHOUT NOTICE TO YOU. Any assignee of ours shall have all of the rights, but none of the obligations, of ours under this Lease and you agree that you will not assert against any assignee of ours any defense, counterclaim or offset that you may have against us. (b) YOU SHALL NOT ASSIGN OR IN ANY WAY DISPOSE OF ALL OR ANY PART OF YOUR RIGHTS OR OBLIGATIONS UNDER THIS LEASE OR ENTER INTO ANY SUBLEASE OF ALL OR ANY PART OF THE PROPERTY WITHOUT OUR PRIOR WRITTEN CONSENT.

8. TITLE, QUIET ENJOYMENT. We shall at all times retain title to the Property. All documents of title and evidence of delivery shall be delivered to us. You hereby authorize us, at your expense, to cause this Lease, or any statement or other instrument in respect to this Lease showing our interest in the Property, including Uniform Commercial Code Financing Statements to be filed or recorded and refiled and rerecorded, and grant us the right to execute your name thereon. You agree to execute and deliver any statement or instrument requested by us for such purpose, and agree to pay or reimburse us for any filing, recording or stamp fees or taxes arising from the filing or recording of any such instrument or statement. So long as you are not in default under any of the terms in this Lease, we agree that we shall not interfere with your quiet use and enjoyment of the Property.

9. CARE, USE AND LOCATION. You shall maintain the Equipment in good operating condition, repair and appearance, and protect the same from deterioration other than normal wear and tear. You shall use the Property in the regular course of your business; shall not make any modification, alteration or addition to the Property without our written consent, which shall not be unreasonably withheld; shall not so affix the Equipment to realty as to change its nature to real property; and shall not remove the Property from the location shown herein without our written consent, which shall not be unreasonably withheld.

10. NET LEASE; TAXES. You intend the rental payments hereunder to be net to us, and you agree to pay all sales, use, excise, personal property, stamp, documentary and ad valorem taxes, license and registration fees, assessments, fines, penalties and similar charges imposed on the ownership, possession or use of the Property during the term of this Lease; shall pay all taxes (except our Federal or State net income taxes) imposed on you or us with respect to the rental payments hereunder or the ownership of the Property; and, shall reimburse us, upon demand for any taxes paid by or advanced by us. Unless otherwise agreed to in writing, you shall file personal property tax returns with respect to the Property.

11. INDEMNITY. You shall and do hereby agree to indemnify and save us, our agents, servants, successors, and assigns harmless from any and all liability, damage or loss, including reasonable attorney's fees, arising out of the ownership, selection, possession, leasing, operation, control, use, condition (including but not limited to latent and other defects, whether or not discoverable by you), maintenance, delivery and return of the Property. The indemnity shall continue in full force and effect notwithstanding the termination of the Lease.

12. INSURANCE. You shall keep the Equipment insured against all risks of loss or damage from any cause whatsoever for not less than the full replacement value thereof. You shall carry public liability insurance, both personal injury and property damage, covering the Equipment. All such insurance shall be in form and with companies satisfactory to us and shall name us and our assignee as Loss Payee as our interest may appear with respect to property damage coverage and as additional insured with respect to public liability coverage. You shall pay the premiums for such insurance and upon our request deliver to us satisfactory evidence of insurance coverage required hereunder. The proceeds of such insurance payable as a result of loss or damage to any item of Equipment shall be applied to satisfy your obligation as set forth in Paragraph 13 below. You irrevocably appoint us as your attorney-in-fact to make a claim for, receive payment of and endorse any and all documents, checks or drafts received in payment for loss or damage under any such insurance policy.

13. RISK OF LOSS. You shall bear all risks of loss of and damage to the Property from any cause and the occurrence of such loss or damage shall not relieve you of any obligation hereunder.

14. INSURANCE NON-COMPLIANCE. In the event you fail to comply with your obligations under Paragraph 12 of this agreement to deliver to us evidence of insurance covering us as Loss Payee, or upon the cancellation or non-renewal of the required insurance, then you shall be subject to an Insurance Non-Compliance Charge in the amount of $2.50 per month, per item of Equipment, said amount to be paid with the next monthly rental payment and all subsequent payments due during the remaining term of the Lease, or until such time as satisfactory evidence of insurance coverage has been provided. The imposition of the Insurance Non-Compliance Charge shall not relieve you of any obligation under Paragraph 12 of this agreement.

15. EVENT OF DEFAULT. If any one of the following events (each a "Default") shall occur, then to the extent permitted by applicable law, we shall have the right to exercise any one or more remedies set forth in Paragraph 16 below. (a) you fail to pay any rental or any other payment hereunder when due; or (b) you fail to perform any of the terms, covenants or conditions of this Lease after there is provided

18. REMEDIES. If a Default occurs, we may do any or all of the following: (a) terminate this Lease; (b) declare all unpaid Lease payments until the end of the term of this Lease and other amounts of this Lease immediately due and payable; (c) repossess or render unusable, any Property wherever located, without demand or notice, without any court order or other process of law and without liability for any damages occasioned by such action; (d) require you to deliver the Property to a location designated by us; (e) proceed by court action to enforce performance by you of this Lease and/or recover damages and expenses incurred by us by reason of any Default; or (f) exercise any other right or remedy available at law or in equity, including those of a secured creditor. You shall pay us all costs and expenses (including attorney's fees and costs) incurred by us in enforcing any of the terms of this Lease or any of our rights against you. Upon repossession or surrender of any Property, we may lease or otherwise dispose of the Property, and apply the net proceeds thereof to the amounts owed to us under, provided, that you shall remain liable to us for any deficiency. You agree that it is commercially reasonable for repossessed Property to be sold at public or private sales (in any state or county sold by us) to dealers or others in lots or pieces (with or without the Property being physically possessed prior to sale). Notwithstanding the foregoing, to the extent the Software is non-transferable transfer restricted, Lessee agrees that the Lessor and/or Licensor of the Software shall have no obligation to remarket such Software or otherwise mitigate any damages relating to such Software. All rights remedies are cumulative and may be enforced concurrently. Any delay or failure to enforce our rights hereunder does not prevent us from enforcing any rights at a later time. Notwithstanding the foregoing any attorney's fees, costs, or expenses, of costs or expenses of repossession and storage, shall be tied to the highest amount chargeable under applicable law.

17. CHANGE OF NAME; BILLING ADDRESS; BANK ACCOUNT. You will inform us, within ten days, of any change in your name, address, billing address, telephone numbers, location of Property, the bank checking account used by ACH debit. We are authorized to correct any typographic or spelling errors made on the front of this Lease Agreement regarding your address, telephone numbers or Property leased.

18. END OF LEASE TERM. At the expiration or earlier termination of this Lease Term, you have the following options: (1.) You shall disconnect and return the Equipment and/or Software, freight prepaid to us in good repair, condition and working order, in a manner and to a location we designate and Lessee's right to use the Software shall terminate. (2.) Lessor extends an option to purchase the Equipment at the end of the term for fair market value, which is estimated to be 10% of the Lease term for monthly Lease payment (excluding taxes) and return the Software in accordance with option 1. (3.) I can extend upon all the terms and conditions as stated herein for a period of one month from its expiration date without the necessity of the execution of any further instrument or document. At the end of this additional month, options 1, 2, and 3 are again available to you. Unless you notify us in writing days prior to the expiration of the Lease Term, or monthly renewal period, you shall have been deemed to have chosen option 3 (Automatic Renewal for one month).

19. LATE PAYMENTS AND COLLECTION COSTS. If you do not make a payment within 10 days its due date, you must pay, in addition to the payment, a late charge of $10.00 for each late payment. Each month the past due payment remains unpaid, an additional late fee of $10.00 will be assessed. You will pay our collection costs, and reasonable Attorney's fees. Such collection costs include, but not limited to charges for collection letters and collection calls and to charges of collection agency courts sheriffs, etc. There will be a processing charge of $10.00 for any returned check or for any rejected credit card charge or for any rejected automatic bank account debit. Payments are applied to late fees and to processing charges first and then to Lease obligations.

20. MISCELLANEOUS. In the event you fail to comply with any provision of this Lease, we shall have the right, but not be obligated, to effect such compliance on your behalf. In such event, all monies expended by, and all expenses of ours in effecting such compliance, shall be deemed to be additional rental, and shall be paid by you to us at the time of the next monthly payment of rent. All notices on this Lease shall be sufficient if given personally or mailed to the party intended at the respective address set forth herein, or at such other address as said party may provide in writing from time to time. Intend and you intend this Lease to be a valid and subsisting legal instrument, and agree that any provision of this Lease which may be deemed unenforceable shall be modified to the extent necessary, render it enforceable and shall in no way invalidate any other provision or provisions of this Lease, all of which shall remain in full force and effect. This Lease shall be binding when accepted in writing by and shall be governed by the laws of the State of Illinois, without regard to the conflict of law, rules principles thereof. Unless otherwise prohibited by law you agree and consent that the Court of the State of Illinois having jurisdiction in Cook County or any Federal District Court having jurisdiction in Cook County shall have the jurisdiction and shall be the proper venue for the determination of all controversies and disputes arising hereunder. You agree and consent that service of process by registered or certified mail will be sufficient to obtain jurisdiction. Nothing contained herein is intended to preclude us in commencing any action hereunder in any court having jurisdiction thereof. You waive, insofar as permitted by law, trial by jury in any action between the parties.

21. CHOICE OF LAW; ARBITRATION. Any claim or controversy, including any contract or tort claim between or among us, you or any Guarantor related to this Lease, shall be determined by binding arbitration in accordance with Title 9 of the U.S. Code and the Commercial Arbitration Rules of the American Arbitration Association. All statutes otherwise applicable shall apply. Judgment upon the arbitration award may be entered in any court having jurisdiction. In event you or Guarantor Defaults, these parties regarding arbitration shall not apply to our right to repossess the Equipment. This Lease is made in interstate commerce. Any arbitration shall take place in Chicago, Illinois.

22. LIMITATION ON ACTION. You shall commence any action based in contract, tort or otherwise arising from, or related to, this Lease, or the subject matter thereof, within one year of the accrual of the cause of action and no such action may be maintained which is not commenced within that period.

23. ENTIRE AGREEMENT; CHANGES. This Lease contains the entire agreement between the parties and may not be altered, amended, modified, terminated or otherwise changed except in writing a signed by one of our executive officers.

24. ACH DEBIT/SETOFF. You hereby authorize us, our agent or assignee, to automatically withdraw your monthly Lease Payments and any other amounts, including any and all taxes and other charges and fees now due or hereinafter imposed or owed in connection with this Lease, by initiating debit entries to your account at the financial institution (the "Bank") identified on the voided check provided to us you. A Lease Payment (whether paid by debit or other means) that is not honored by your Bank will subject to a service fee equal to the greater of $25.00 or such sum as may be permitted by applicable law. You hereby authorize the Bank to accept and to charge any debit entries initiated hereunder to your account. This authorization will remain in effect until we (or our assignee) have received written notice from you of your termination hereof in such time and manner as to afford the recipient a reasonable opportunity to act thereon. Moreover, you authorize (a) us to notify USB Payment Processing, Inc. (if "Processor") of any default in payment hereunder and (b) the Processor to set off against and pay to any funds or credits then or thereafter due you as in the possession or control of Processor until any payment default under this Lease has been cured.

## ASSIGNMENT AND ASSUMPTION AGREEMENT

This Assignment Agreement, dated March 1, 2010 (this "Agreement") is made and entered into pursuant to the Receivables Purchase Agreement (the "Purchase Agreement") by and among GCN HOLDING LLC, a Delaware limited liability company, and GCN HOLDING (CANADA) ULC, a Canadian unlimited liability company (together referred to as the "Seller"), and PUSHPIN HOLDINGS LLC, a Delaware limited liability company (the "Buyer"). Capitalized terms used herein without definition shall have the meaning specified in the Purchase Agreement.

Seller, for the consideration described in the Purchase Agreement, the receipt of which is hereby acknowledged, and subject to all of the terms and conditions of the Purchase Agreement, does hereby transfer and assign to Buyer, its successors and assignees, all of the Receivables as of the Closing Date.

Terms of the Purchase Agreement, including but not limited to, the representations, warranties, covenants, agreements and indemnities relating to the Receivables are incorporated herein by this reference. The parties hereto acknowledge and agree that the representations, warranties, covenants, agreements and indemnities contained in the Purchase Agreement shall not be superseded hereby but shall remain in full force and effect to the full extent provided therein.

This Agreement shall inure to the benefit of, and be binding upon, the respective successors and permitted assignees of Seller and Buyer and shall be governed by and construed and interpreted in accordance with the Purchase Agreement and the laws of the State of New York, without regard to such State's conflicts of law rules which would require the application of the laws of a different jurisdiction.

This Agreement may be executed by facsimile transmissions in multiple counterparts, each of which shall be an original, but together shall constitute one and the same instrument

[Signature page follows.]

[New York #2177584 v1]

Assignment Ex.
LSE. 1207641

IN WITNESS WHEREOF, Seller and Buyer have caused this Agreement to be executed by their duly authorized representatives the day and year first above written.

GCN HOLDING LLC

By:_____
    Name:
    Title:

GCN HOLDING (CANADA) ULC

By:_____
    Name:
    Title:

PUSHPIN HOLDINGS LLC

By:_____
    Name: Jeff Cohen
    Title: President

---

IN WITNESS WHEREOF, Seller and Buyer have caused this Agreement to be executed by their duly authorized representatives the day and year first above written.

GCN HOLDING LLC

By:_____
    Name: Guowei Jun
    Title: Secretary

GCN HOLDING (CANADA) ULC

By:_____
    Name: Guowei Jun
    Title: Secretary

PUSHPIN HOLDINGS LLC

By:_____
    Name:
    Title:

LSE. 1207641

## INSTRUMENT OF ASSIGNMENT

Instrument of Assignment dated November 30, 2005 ("Instrument") by CIT Financial USA, Inc., a Delaware corporation ("Seller"), in favor of GCN Holding LLC, a Delaware limited liability company ("Buyer").

Pursuant to the Asset Purchase Agreement dated as of November 9, 2005, as amended on November 30, 2005 (the "Agreement"), among CIT Group Inc., CIT Financial Ltd., Seller, Buyer, GCN Holding (Canada) ULC and Lease Finance Group LLC, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Seller does hereby sell, assign, transfer, convey and deliver unto Buyer, its successors and assigns, each and all of the US Purchased Assets (as such term is defined in the Agreement) (other than legal title to US Purchased Assets identified in Schedule 8.7 of the Agreement), intending hereby to convey all of the right, title and interest of Seller therein (other than such legal title).

Seller hereby covenants and agrees to and with Buyer, its successors and assigns, to do, execute, acknowledge and deliver to, or to cause to be done, executed, acknowledged and delivered to, Buyer, its successors and assigns, all such further acts, deeds, assignments, transfers, conveyances, powers of attorney and assurances that may be reasonably requested by Buyer for the better selling, assigning, transferring, conveying, delivering, assuring and confirming to Buyer, its successors or assigns, any or all of the right, title and interest in the US Purchased Assets being transferred hereby.

This Instrument shall be binding upon the successors and assigns of Seller and shall inure to the benefit of the successors and assigns of Buyer.

IN WITNESS WHEREOF, Seller has caused this Instrument to be duly executed and delivered as of the date first set forth above.

CIT FINANCIAL USA, INC.

By

Darcy J. Lemieux
Executive Vice President

*Dorothy Brown*

# Clerk *of the* Circuit Court
## Cook County

*Division: Civil*
**Click on Case Number for Case Information Summary**

Name Search Results for: PUSHPIN

| Case Number | Plaintiff | Defendant | Date Filed |
|---|---|---|---|
| 2011-M1-176145 | PUSHPIN HOLDINGS L | SHANLE LORA | 12/01/2011 |
| 2011-M1-176146 | PUSHPIN HOLDINGS L | HISHAR SHAIKH | 12/01/2011 |
| 2011-M1-176147 | PUSHPIN HOLDINGS L | VELAZQUEZ ALFONSO | 12/01/2011 |
| 2011-M1-176150 | PUSHPIN HOLDINGS L | CURRY ARNOLD D | 12/01/2011 |
| 2011-M1-174630 | PUSHPIN HOLDINGS | DAVIS K WENDY | 11/28/2011 |
| 2011-M1-174631 | PUSHPIN HOLDINGS | NEAL JOHN | 11/28/2011 |
| 2011-M1-174632 | PUSHPIN HOLDINGS | WELLS ERIC | 11/28/2011 |
| 2011-M1-174633 | PUSHPIN HOLDINGS | DEEKJUNTHOD'N | 11/28/2011 |
| 2011-M1-174634 | PUSHPIN HOLDINGS | LEE WHEE DON | 11/28/2011 |
| 2011-M1-174635 | PUSHPIN HOLDINGS | BARDEL J THOMAS | 11/28/2011 |
| 2011-M1-174636 | PUSHPIN HOLDINGS | RUFF MONICA | 11/28/2011 |
| 2011-M1-174637 | PUSHPIN HOLDINGS | SULLIVAN V WILLIAM | 11/28/2011 |
| 2011-M1-174638 | PUSHPIN HOLDINGS | MAURIELLO MICHAEL | 11/28/2011 |
| 2011-M1-174639 | PUSHPIN HOLDINGS | CANTY S SHARREN | 11/28/2011 |
| 2011-M1-174641 | PUSHPIN HOLDINGS | GALVEZ RAUL | 11/28/2011 |
| 2011-M1-174642 | PUSHPIN HOLDINGS | JURAKHAN SHALEEN | 11/28/2011 |
| 2011-M1-174644 | PUSHPIN HOLDINGS | CANDOZA IVETTE | 11/28/2011 |
| 2011-M1-174646 | PUSHPIN HOLDINGS | CHIVERS GERRY | 11/28/2011 |
| 2011-M1-174648 | PUSHPIN HOLDINGS | FELIX D WILSON | 11/28/2011 |
| 2011-M1-174650 | PUSHPIN HOLDINGS | SPIESS C RICHARD | 11/28/2011 |
| 2011-M1-174652 | PUSHPIN HOLDINGS | GRAHAM WILLIAM | 11/28/2011 |
| 2011-M1-174653 | PUSHPIN HOLDINGS | IRVING WAYNE | 11/28/2011 |

| 2011-M1-174655 | PUSHPIN HOLDINGS | MULLINAX T JAMES | 11/28/2011 |
| 2011-M1-174658 | PUSHPIN HOLDINGS | RAGLAND COZZETA | 11/28/2011 |
| 2011-M1-174659 | PUSHPIN HOLDINGS | PATEL VALLABHBAI | 11/28/2011 |
| 2011-M1-174661 | PUSHPIN HOLDINGS | SAHOTA S | 11/28/2011 |
| 2011-M1-174662 | PUSHPIN HOLDINGS | MYERS T JUSTIN | 11/28/2011 |
| 2011-M1-174664 | PUSHPIN HOLDINGS | COTTO DAN | 11/28/2011 |
| 2011-M1-174666 | PUSHPIN HOLDINGS | GONZALES DAVID | 11/28/2011 |
| 2011-M1-174667 | PUSHPIN HOLDINGS | LAKHANI A IMRAN | 11/28/2011 |
| 2011-M1-174669 | PUSHPIN HOLDINGS | HOANG KHAN | 11/28/2011 |
| 2011-M1-174671 | PUSHPIN HOLDINGS | HEARN DONALD | 11/28/2011 |
| 2011-M1-170205 | PUSHPIN HOLDINGS | GLOWACKI ZDZISLAW | 11/02/2011 |
| 2011-M1-170206 | PUSHPIN HOLDINGS | LEMONS LINDA | 11/02/2011 |
| 2011-M1-170207 | PUSHPIN HOLDINGS | GUARNIERI P LAWREN | 11/02/2011 |
| 2011-M1-170213 | PUSHPIN HOLDINGS | BROOKS RENEE | 11/02/2011 |
| 2011-M1-170216 | PUSHPIN HOLDINGS | BARRON MANUEL | 11/02/2011 |
| 2011-M1-170218 | PUSHPIN HOLDINGS | MUNNS JOHN R | 11/02/2011 |
| 2011-M1-170221 | PUSHPIN HOLDINGS | FABELO GISELA | 11/02/2011 |
| 2011-M1-170237 | PUSHPIN HOLDINGS | LEE SHIRLEY OLIVIA | 11/02/2011 |
| 2011-M1-170238 | PUSHPIN HOLDINGS | COAXUM JAMIE D | 11/02/2011 |
| 2011-M1-170239 | PUSHPIN HOLDINGS | EDWARDS CHRIS | 11/02/2011 |
| 2011-M1-170240 | PUSHPIN HOLDINGS | FARO MICHAEL C | 11/02/2011 |
| 2011-M1-170241 | PUSHPIN HOLDINGS | III LOEW JOHN C | 11/02/2011 |
| 2011-M1-170242 | PUSHPIN HOLDINGS | NGUYEN MY | 11/02/2011 |
| 2011-M1-170243 | PUSHPIN HOLDINGS | MOBLEY BYRON | 11/02/2011 |
| 2011-M1-170244 | PUSHPIN HOLDINGS | DARCELIN JOSEPH | 11/02/2011 |
| 2011-M1-170245 | PUSHPIN HOLDINGS | ANDERSON ELIZABETH | 11/02/2011 |
| 2011-M1-170246 | PUSHPIN HOLDINGS | BRUCE STEVE | 11/02/2011 |
| 2011-M1-170247 | PUSHPIN HOLDINGS | PORTILLO MARCOS S | 11/02/2011 |
| 2011-M1-170248 | PUSHPIN HOLDINGS | BEYAH ABDUL | 11/02/2011 |
| 2011-M1-170249 | PUSHPIN HOLDINGS | SANCHEZ JOAQUIN | 11/02/2011 |
| 2011-M1-170250 | PUSHPIN HOLDINGS | RODRIGUEZ JESUS | 11/02/2011 |
| 2011-M1-170251 | PUSHPIN HOLDINGS | MOSER JOELL | 11/02/2011 |
| 2011-M1-170252 | PUSHPIN HOLDINGS | CASHIN CHRISTOPHER | 11/02/2011 |
| 2011-M1-170253 | PUSHPIN HOLDINGS | GARCIA CLERA TOMAS | 11/02/2011 |

| 2011-M1-170254 | PUSHPIN HOLDINGS | TOWNS ROBIN L | 11/02/2011 |
|---|---|---|---|
| 2011-M1-170255 | PUSHPIN HOLDINGS | TRAN LUAN | 11/02/2011 |
| 2011-M1-170256 | PUSHPIN HOLDINGS | GORDY HOWARD | 11/02/2011 |
| 2011-M1-170257 | PUSHPIN HOLDINGS | INABINETTE MARY | 11/02/2011 |
| 2011-M1-170258 | PUSHPIN HOLDINNGS | ARAIN ABDUS SALAM | 11/02/2011 |
| 2011-M1-170259 | PUSHPIN HOLDINGS | LEE BONNIE SUE | 11/02/2011 |
| 2011-M1-170260 | PUSHPIN HOLDINGS | MAY MARVIN G | 11/02/2011 |
| 2011-M1-170261 | PUSHPIN HOLDINGS | LEWIS MICHAEL | 11/02/2011 |
| 2011-M1-170262 | PUSHPIN HOLDINGS | ACEVEDO AURORA M | 11/02/2011 |
| 2011-M1-170263 | PUSHPIN HOLDINGS | EBBERT WILLIAM R | 11/02/2011 |
| 2011-M1-170264 | PUSHPIN HOLDINGS | SANTALLA JOE | 11/02/2011 |
| 2011-M1-170265 | PUSHPIN HOLDINGS | RICE SHAKIRA | 11/02/2011 |
| 2011-M1-170266 | PUSHPIN HOLDINGS | BAYLOCK SERMOUNE | 11/02/2011 |
| 2011-M1-170267 | PUSHPIN HOLDINGS | SAMANO REFUGIO B | 11/02/2011 |
| 2011-M1-170268 | PUSHPIN HOLDINGS | DEJESUSCRUZ MARIA | 11/02/2011 |
| 2011-M1-170269 | PUSHPIN HOLDINGS | GONZALEZ JOSE M | 11/02/2011 |
| 2011-M1-170270 | PUSHPIN HOLDINGS | BEARD FLOYD | 11/02/2011 |
| 2011-M1-170271 | PUSHPIN HOLDINGS | LECOUNTE ROBERT L | 11/02/2011 |
| 2011-M1-170272 | PUSHPIN HOLDINGS | LACROY TOM | 11/02/2011 |
| 2011-M1-170273 | PUSHPIN HOLDINGS | SINGH RANJANA | 11/02/2011 |
| 2011-M1-170274 | PUSHPIN HOLDINGS | ARELLANO MARIO | 11/02/2011 |
| 2011-M1-170275 | PUSHPIN HOLDINGS | CHAMMA MOUSSA R | 11/02/2011 |
| 2011-M1-170276 | PUSHPIN HOLDINGS | GRIFFEE TODD J | 11/02/2011 |
| 2011-M1-170277 | PUSHPIN HOLDINGS | MAI JING | 11/02/2011 |
| 2011-M1-170278 | PUSHPIN HOLDINGS | BIENVENU BRENT | 11/02/2011 |
| 2011-M1-170279 | PUSHPIN HOLDINGS | HEYNS DESIREE | 11/02/2011 |
| 2011-M1-170280 | PUSHPIN HOLDINGS | GAGO WILFRED | 11/02/2011 |
| 2011-M1-170281 | PUSHPIN HOLDINGS | ALI ERIC J | 11/02/2011 |
| 2011-M1-170282 | PUSHPIN HOLDINGS | GONZALEZ ELENA PER | 11/02/2011 |
| 2011-M1-170283 | PUSHPIN HOLDINGS | MYERS JOHN | 11/02/2011 |
| 2011-M1-170284 | PUSHPIN HOLDINGS | SWEENEY MIKE | 11/02/2011 |
| 2011-M1-170285 | PUSHPIN HOLDINGS | VOLONINE ANTHONY J | 11/02/2011 |
| 2011-M1-170286 | PUSHPIN HOLDINGS | TOMA DAVID | 11/02/2011 |
| 2011-M1-169829 | PUSHPIN HOLDINGS | SIGAR JEFFREY | 11/01/2011 |
| 2011-M1-169830 | PUSHPIN HOLDINGS | LLOYD BRIAN A | 11/01/2011 |

| | | | |
|---|---|---|---|
| 2011-M1-169831 | PUSHPIN HOLDINGS | BELOW MYONG SUK | 11/01/2011 |
| 2011-M1-169832 | PUSHPIN HOLDINGS | TAYLOR VON R | 11/01/2011 |
| 2011-M1-169833 | PUSHPIN HOLDINGS | GUILLEN ELISA | 11/01/2011 |
| 2011-M1-169834 | PUSHPIN HOLDINGS | CORTEZ ANGLICA M | 11/01/2011 |
| 2011-M1-169835 | PUSHPIN HOLDING LL | KEATING MICHAEL F | 11/01/2011 |
| 2011-M1-169836 | PUSHPIN HOLDINGS | BRANDEN JULIE | 11/01/2011 |
| 2011-M1-169837 | PUSHPIN HOLDING LL | GREEN DON N | 11/01/2011 |
| 2011-M1-169838 | PUSHPIN HOLDING LL | AOUN CHAKER | 11/01/2011 |
| 2011-M1-169839 | PUSHPIN HOLDINGS | MIDYETTE JOYCE | 11/01/2011 |
| 2011-M1-169840 | PUSHPIN HOLDINGS | COWDIN DUANE H | 11/01/2011 |
| 2011-M1-169841 | PUSHPIN HOLDINGS | SAYIM MUSTAFA | 11/01/2011 |
| 2011-M1-169842 | PUSHPIN HOLDINGS | THAM SIANA | 11/01/2011 |
| 2011-M1-169843 | PUSHPIN HOLDINGS | CARLTON AUDREY | 11/01/2011 |
| 2011-M1-169844 | PUSHPIN HOLDINGS | LUKOVSKY OLEG | 11/01/2011 |
| 2011-M1-169845 | PUSHPIN HOLDINGS | LAWLESS ED | 11/01/2011 |
| 2011-M1-169846 | PUSHPIN HOLDINGS | FIELDING TOM R JR | 11/01/2011 |
| 2011-M1-169847 | PUSHPIN HOLDINGS | FALK TERRI | 11/01/2011 |
| 2011-M1-169849 | PUSHPIN HOLDINGS | BOYD RICHARD A | 11/01/2011 |
| 2011-M1-169850 | PUSHPIN HOLDINGS | LI CHOU JAN | 11/01/2011 |
| 2011-M1-169851 | PUSHPIN HOLDINGS | BARNETT SHIRLEY | 11/01/2011 |
| 2011-M1-169852 | PUSHPIN HOLDINGS | FLORES CESAR B | 11/01/2011 |
| 2011-M1-169853 | PUSHPIN HOLDING | FLORES CESAR | 11/01/2011 |
| 2011-M1-169854 | HOLDINGS PUSHPIN | FLORES CESAR B | 11/01/2011 |
| 2011-M1-169855 | PUSHPIN HOLDINGS | UDDIN MOHAMMED J | 11/01/2011 |
| 2011-M1-169856 | PUSHPIN HOLDINGS | TOMASINI LINDA | 11/01/2011 |
| 2011-M1-169857 | PUSHPIN HOLDINGS | ANDRADE EDUARDO | 11/01/2011 |
| 2011-M1-169858 | PUSHPIN HOLDINGS | MULLENNEX JACK L | 11/01/2011 |
| 2011-M1-169859 | PUSHPIN HOLDINGS | MAROCCO ANTHONY J | 11/01/2011 |
| 2011-M1-169860 | PUSHPIN HOLDINGS | COLLINS LINDA L | 11/01/2011 |
| 2011-M1-169861 | PUSHPIN HOLDINGS | GRAYBEAL MARY | 11/01/2011 |
| 2011-M1-169862 | PUSHPIN HOLDINGS | GAMARRO VIRGINIA | 11/01/2011 |
| 2011-M1-169863 | PUSHPIN HOLDINGS | SMITH ALLEN A | 11/01/2011 |
| 2011-M1-169864 | PUSHPIN HOLDINGS | MALLIETTE TAMMIE | 11/01/2011 |
| 2011-M1-169865 | PUSHPIN HOLDINGS | MUSSO TONY | 11/01/2011 |
| 2011-M1-169866 | PUSHPIN HOLDINGS | HERAL GARY | 11/01/2011 |

| 2011-M1-169867 | PUSHPIN HOLDINGS | LAMKIN JAMES B | 11/01/2011 |
| 2011-M1-169868 | PUSHPIN HOLDINGS | GRAYHAWK PERKINS A | 11/01/2011 |
| 2011-M1-169870 | PUSHPIN HOLDINGS | BOERS THOMAS H | 11/01/2011 |
| 2011-M1-169871 | PUSHPIN HOLDINGS | PAGLIANO VINCENT F | 11/01/2011 |
| 2011-M1-169872 | PUSHPIN HOLDINGS | SINGH RAJBIR | 11/01/2011 |
| 2011-M1-169873 | PUSHPIN HOLDINGS | BURGOS FLORENTINO | 11/01/2011 |
| 2011-M1-169874 | PUSHPIN HOLDINGS | PAGLIANO VINCENT F | 11/01/2011 |
| 2011-M1-169876 | PUSHPIN HOLDINGS | FEIJOO DOMINIC | 11/01/2011 |
| 2011-M1-169877 | PUSHPIN HOLDINGS | VINSON JAMES H | 11/01/2011 |
| 2011-M1-169878 | PUSHPIN HOLDINGS | GAY GEORGE | 11/01/2011 |
| 2011-M1-169879 | PUSHPIN HOLDINGS | MARTINEZ MARGARITA | 11/01/2011 |
| 2011-M1-169880 | PUSHPIN HOLDINGS | HARPER FLOYD | 11/01/2011 |
| 2011-M1-163068 | PUSHPIN HOLDINGS | JALLOH MOHAMMED Y | 09/23/2011 |
| 2011-M1-163069 | PUSHPIN HOLDINGS | HALLMARK MARK | 09/23/2011 |
| 2011-M1-163070 | PUSHPIN HOLDINGS | ALESSANDRINI JAMES | 09/23/2011 |
| 2011-M1-163071 | PUSHPIN HOLDINGS | MILAN JOSE F | 09/23/2011 |
| 2011-M1-163072 | PUSHPIN HOLDINGS | COLLINS EDWARD | 09/23/2011 |
| 2011-M1-163073 | PUSHPIN HOLDINGS | GANSEN THOMAS J | 09/23/2011 |
| 2011-M1-163074 | PUSHPIN HOLDING LL | HONG TRAN THI | 09/23/2011 |
| 2011-M1-163076 | PUSHPIN HOLDINGS | HEIDARI F M | 09/23/2011 |
| 2011-M1-163078 | PUSHPIN HOLDING | TRACY LORI | 09/23/2011 |
| 2011-M1-163079 | PUSHPIN HOLDINGS | BADRBIGI ABE | 09/23/2011 |
| 2011-M1-163081 | PUSHPIN HOLDINGS | BHAKTA HITENDRA | 09/23/2011 |
| 2011-M1-163082 | PUSHPIN HOLDINGS | RAUP KRISTIN | 09/23/2011 |
| 2011-M1-163083 | PUSHPIN HOLDINGS | COZENS MIKE | 09/23/2011 |
| 2011-M1-163084 | PUSHPIN HOLDINGS | BROWN JUDY | 09/23/2011 |
| 2011-M1-163085 | PUSHPIN HOLDINGS | DOMINGUEZ OMAR | 09/23/2011 |
| 2011-M1-163086 | PUSHPIN HOLDINGS | CHUL HWANG BYOUNG | 09/23/2011 |
| 2011-M1-163087 | PUSHPIN HOLDINGS | FINLEY JOHN | 09/23/2011 |
| 2011-M1-163088 | PUSHPIN HOLDINGS | COWAN DAVID | 09/23/2011 |
| 2011-M1-163091 | PUSHPIN HOLDINGS | OSWALT RONALD L | 09/23/2011 |
| 2011-M1-163092 | PUSHPIN HOLDINGS | LOVITT KEVIN D | 09/23/2011 |
| 2011-M1-163093 | PUSHPIN HOLDINGS | CHAMBERS ROBIN | 09/23/2011 |
| 2011-M1-163094 | PUSHPIN HOLDINGS | POTINO MIGUEL | 09/23/2011 |
| 2011-M1-163095 | PUSHPIN HOLDINGS | JOHNSON CONCHITA M | 09/23/2011 |

| 2011-M1-163096 | PUSHPIN HOLDINGS | MOORE QUWANA | 09/23/2011 |
|---|---|---|---|
| 2011-M1-163097 | PUSHPIN HOLDINGS | MIRANDA ARTURO | 09/23/2011 |
| 2011-M1-163098 | PUSHPIN HOLDINGS | CAVANAUGH DANIEL | 09/23/2011 |
| 2011-M1-163099 | PUSHPIN HOLDINGS | PARROT FRANK | 09/23/2011 |
| 2011-M1-163100 | PUSHPIN HOLDINGS | MEDACK CAROL | 09/23/2011 |
| 2011-M1-163101 | PUSHPIN HOLDINGS | KHAN JACQUELINE F | 09/23/2011 |
| 2011-M1-163102 | PUSHPIN HOLDINGS | ROBINSON RECIL D | 09/23/2011 |
| 2011-M1-163103 | PUSHPIN HOLDINGS | ADAMS WILL | 09/23/2011 |
| 2011-M1-163104 | PUSHPIN HOLDINGS | AMBOLINO JOHN G | 09/23/2011 |
| 2011-M1-163105 | PUSHPIN HOLDINGS | CLARK GARY | 09/23/2011 |
| 2011-M1-163106 | PUSHPIN HOLDINGS | MOUSSA MICHAEL | 09/23/2011 |
| 2011-M1-163107 | PUSHPIN HOLDINGS | LUGO GABRIEL L | 09/23/2011 |
| 2011-M1-163108 | PUSHPIN HOLDINGS | CARRILLO VICTOR | 09/23/2011 |
| 2011-M1-163110 | PUSHPIN HOLDINGS | HUFNAGEL JAMES | 09/23/2011 |
| 2011-M1-163112 | PUSHPIN HOLDINGS | DIDION TERALYN D | 09/23/2011 |
| 2011-M1-163113 | PUSHPIN HOLDINGS | SHEPPARD JAMES | 09/23/2011 |
| 2011-M1-163114 | PUSHPIN HOLDINGS | GUZMAN JOVANNY F | 09/23/2011 |
| 2011-M1-163115 | PUSHPIN HOLDINGS | BIBB GUS | 09/23/2011 |
| 2011-M1-163116 | PUSHPIN HOLDINGS | DIXON BARRNGTON | 09/23/2011 |
| 2011-M1-163117 | PUSHPIN HOLDINGS | GHAITH KHALED KAMA | 09/23/2011 |
| 2011-M1-163118 | PUSHPIN HOLDINGS | GOMEZ ALFREDO | 09/23/2011 |
| 2011-M1-163119 | PUSHPIN HOLDINGS | KOSEY KAL | 09/23/2011 |
| 2011-M1-163121 | PUSHPIN HOLDINGS | SANDLIN JOHN B | 09/23/2011 |
| 2011-M1-163122 | PUSHPIN HOLDINGS | DIOS EDWARD | 09/23/2011 |
| 2011-M1-163123 | PUSHPIN HOLDINGS | NOLAN STELLA J | 09/23/2011 |
| 2011-M1-163124 | PUSHPIN HOLDINGS | PHAM DIEP | 09/23/2011 |
| 2011-M1-163125 | PUSHPIN HOLDINGS | COY DAYMA | 09/23/2011 |
| 2011-M1-163132 | PUSHPIN HOLDINGS L | MORALES GEORGE | 09/23/2011 |
| 2011-M1-163134 | PUSHPIN HOLDINGS L | WALLER FLOYD R | 09/23/2011 |
| 2011-M1-163135 | PUSHPIN HOLDINGS L | MOONEY THOMAS | 09/23/2011 |
| 2011-M1-163136 | PUSHPIN HOLDINGS L | EVISCHI DON | 09/23/2011 |
| 2011-M1-163137 | PUSHPIN HOLDINGS L | FORTNER FRANK A | 09/23/2011 |
| 2011-M1-163138 | PUSHPIN HOLDINGS L | CARRETO FILIAE | 09/23/2011 |
| 2011-M1-163139 | PUSHPIN HOLDINGS L | GOMEZ MARGARET | 09/23/2011 |
| 2011-M1-163140 | PUSHPIN HOLDINGS L | FORD HEATHER | 09/23/2011 |

| 2011-M1-163142 | PUSHPIN HOLDINGS L | FIELDS DWIGHT B | 09/23/2011 |
|---|---|---|---|
| 2011-M1-163144 | PUSHPIN HOLDINGS L | PENA ROXANA B | 09/23/2011 |
| 2011-M1-163145 | PUSHPIN HOLDING LL | JANE CAO Y | 09/23/2011 |
| 2011-M1-163146 | PUSHPIN HOLDINGS L | MALDONADO KARLA S | 09/23/2011 |
| 2011-M1-163147 | PUSHPIN HOLDINGS L | DUONG THU | 09/23/2011 |
| 2011-M1-163149 | PUSHPIN HOLDINGS L | PAULA ANA | 09/23/2011 |
| 2011-M1-163150 | PUSHPIN HOLDINGS L | MALIK IQBAL | 09/23/2011 |
| 2011-M1-163151 | PUSHPIN HOLDING LL | HEINDL JILL R | 09/23/2011 |
| 2011-M1-163152 | PUSHPIN HOLDINGS L | RITZ PHYLLIS M | 09/23/2011 |
| 2011-M1-163153 | PUSHPIN HOLDINGS L | BERNSTEIN ALERT B | 09/23/2011 |
| 2011-M1-163154 | PUSHPIN HOLDINGS L | GONZALEZ MARIA CON | 09/23/2011 |
| 2011-M1-163155 | PUSHPIN HOLDINGS L | MILLER BETTY L | 09/23/2011 |
| 2011-M1-163156 | PUSHPIN HOLDING LL | ROSE DONALD | 09/23/2011 |
| 2011-M1-163157 | PUSHPIN HOLDINGS L | KENNEDY NELDA | 09/23/2011 |
| 2011-M1-163159 | PUSHPIN HOLDING LL | ZUAITER OSAMA | 09/23/2011 |
| 2011-M1-163160 | PUSHPIN HOLDING LL | COBB SAM | 09/23/2011 |
| 2011-M1-163161 | PUSHPIN HOLDINGS L | CASWELL DUSTY | 09/23/2011 |
| 2011-M1-163162 | PUSHPIN HOLDING LL | KOSILA KENGCHAY | 09/23/2011 |
| 2011-M1-163163 | PUSHPIN HOLDINGS L | BLOON EDDIE | 09/23/2011 |
| 2011-M1-163164 | PUSHPIN HOLDINGS L | MARSH LINDA W | 09/23/2011 |
| 2011-M1-163165 | PUSHPIN HOLDINGS L | PENNINGTON REBECCA | 09/23/2011 |
| 2011-M1-163166 | PUSHPIN HOLDING LL | KEMP DAN JR | 09/23/2011 |
| 2011-M1-163167 | PUSHPIN HOLDING LL | DAMERON RHONDA L | 09/23/2011 |
| 2011-M1-163168 | PUSHPIN HOLDINGS | ALCANTARA EDWIN | 09/23/2011 |
| 2011-M1-163169 | PUSHPIN HOLDINGS L | TEGGE HA | 09/23/2011 |
| 2011-M1-163170 | PUSHPIN HOLDINGS | REESE EDWARD B | 09/23/2011 |
| 2011-M1-163171 | PUSHPIN HOLDINGS L | BARNETT JAMES ROY | 09/23/2011 |
| 2011-M1-163172 | PUSHPIN HOLDINGS L | GARCIA ALEJANDRINA | 09/23/2011 |
| 2011-M1-163173 | PUSHPIN HOLDINGS L | TARR RONALD A | 09/23/2011 |
| 2011-M1-163175 | PUSHPIN HOLDINGS L | COX JEFF | 09/23/2011 |
| 2011-M1-163176 | PUSHPIN HOLDINGS L | PEREZ FERNANDO | 09/23/2011 |
| 2011-M1-163177 | PUSHPIN HOLDINGS L | GOMEZ JESUS | 09/23/2011 |
| 2011-M1-163178 | PUSHPIN HOLDINGS L | WOODS LAMONTE | 09/23/2011 |
| 2011-M1-163179 | PUSHPIN HOLDINGS L | MCANALLY KAREN LYN | 09/23/2011 |
| 2011-M1-163180 | PUSHPIN HOLDINGS L | STARR MARK | 09/23/2011 |

| | | | |
|---|---|---|---|
| 2011-M1-163181 | PUSHPIN HOLDINGS L | ANDREWS SONNY | 09/23/2011 |
| 2011-M1-163182 | PUSHPIN HOLDINGS L | ROJAS CHRISTINA | 09/23/2011 |
| 2011-M1-163183 | PUSHPIN HOLDINGS L | AZIZI ABDUL | 09/23/2011 |
| 2011-M1-163184 | PUSHPIN HOLDINGS | SMALLS FREDRICK | 09/23/2011 |
| 2011-M1-157739 | PUSHPIN HOLDINGS L | HAUSER JULIE | 09/01/2011 |
| 2011-M1-157740 | PUSHPIN HOLDINGS L | MACK JOE D | 09/01/2011 |
| 2011-M1-157741 | PUSHPIN HOLDINGS L | OLIPHANT ARTHUR | 09/01/2011 |
| 2011-M1-157742 | PUSHPIN HOLDINGS L | FUNDERBURK ESTA L | 09/01/2011 |
| 2011-M1-157743 | PUSHPIN HOLDINGS L | WALKER ANTHONY | 09/01/2011 |
| 2011-M1-157744 | PUSHPIN HOLDINGS L | ZANDERS JULIA | 09/01/2011 |
| 2011-M1-157745 | PUSHPIN HOLDINGS L | JUSTESEN PATRICIA | 09/01/2011 |
| 2011-M1-157746 | PUSHPIN HOLDINGS L | BERNSTEIN ALBERT B | 09/01/2011 |
| 2011-M1-157747 | PUSHPIN HOLDINGS L | CASTILLO HECTOR | 09/01/2011 |
| 2011-M1-157748 | PUSHPIN HOLDINGS L | PEREZ ELEOVINA | 09/01/2011 |
| 2011-M1-157749 | PUSHPIN HOLDINGS L | ORTOGA TRINIDAD | 09/01/2011 |
| 2011-M1-157750 | PUSHPIN HOLDINGS L | GEORGIOU MARIO | 09/01/2011 |
| 2011-M1-157751 | PUSHPIN HOLDINGS L | HERNANDEZ BELEN | 09/01/2011 |
| 2011-M1-157752 | PUSHPIN HOLDINGS L | AI XIAO XIN | 09/01/2011 |
| 2011-M1-157753 | PUSHPIN HOLDINGS L | HERNANDEZ EDGAR E | 09/01/2011 |
| 2011-M1-157755 | PUSHPIN HOLDINGS | WILSON LEROY | 09/01/2011 |
| 2011-M1-157758 | PUSHPIN HOLDINGS L | PATINO RICARDO | 09/01/2011 |
| 2011-M1-157761 | PUSHPIN HOLDINGS L | NAWDICHIK ANDREW | 09/01/2011 |
| 2011-M1-157764 | PUSHPIN HOLDINGS L | TAYLOR RICHARD D | 09/01/2011 |
| 2011-M1-157766 | PUSHPIN HOLDINGS L | HACHEM FADI AL | 09/01/2011 |
| 2011-M1-157769 | PUSHPIN HOLDINGS | AGI HIROAKI MIY | 09/01/2011 |
| 2011-M1-157772 | PUSHPIN HOLDINGS | JOYCE MARK | 09/01/2011 |
| 2011-M1-157774 | PUSHPIN HOLDINGS | FINAZZO GILISEPPE | 09/01/2011 |
| 2011-M1-157777 | PUSHPIN HOLDINGS L | SANCHEZ SERGIO | 09/01/2011 |
| 2011-M1-157779 | PUSHPIN HOLDINGS L | IU STEPHEN C | 09/01/2011 |
| 2011-M1-157780 | PUSHPIN HOLDINGS L | HAUSE RUSSEL A | 09/01/2011 |
| 2011-M1-157781 | PUSHPIN HOLDINGS L | FOTHERINGHAM GRAHA | 09/01/2011 |
| 2011-M1-157782 | PUSHPIN HOLDINGS L | PEREZ OSCAR | 09/01/2011 |
| 2011-M1-157783 | PUSHPIN HOLDINGS | FOX DAN | 09/01/2011 |
| 2011-M1-157784 | PUSHPIN HOLDINGS L | BASNES NINA | 09/01/2011 |

| 2011-M1-157785 | PUSHPIN HOLDINGS L | PICKNEY LINDA | 09/01/2011 |
|---|---|---|---|
| 2011-M1-157786 | PUSHPIN HOLDINGS L | LIANG ERHNA | 09/01/2011 |
| 2011-M1-157787 | PUSHPIN HOLDINGS L | PHILLIPS LARRY D | 09/01/2011 |
| 2011-M1-157824 | PUSHPIN HOLDINGS L | SHIN SUNG | 09/01/2011 |
| 2011-M1-157825 | PUSHPIN HOLDINGS | PEAVY MARY F | 09/01/2011 |
| 2011-M1-157826 | PUSHPIN HOLDINGS | GARAY CECILIA | 09/01/2011 |
| 2011-M1-157827 | PUSHPIN HOLINGS LL | URBINA NYDIA C | 09/01/2011 |
| 2011-M1-157829 | PUSHPIN HOLDINGS | KELLEY VANESSA | 09/01/2011 |
| 2011-M1-157830 | PUSHPIN HOLDINGS | SCHLEIMER DAVID | 09/01/2011 |
| 2011-M1-157831 | PUSHPIN HOLDINGS L | BRODSKY THEODORE | 09/01/2011 |
| 2011-M1-157832 | PUSHPIN HOLDINGS L | QUILES ESMERALDA | 09/01/2011 |
| 2011-M1-157833 | PUSHPIN HOLDINGS | MAKI SHUICHI | 09/01/2011 |
| 2011-M1-157836 | PUSHPIN HOLDINGS | CALLENDER DONNA | 09/01/2011 |
| 2011-M1-157838 | PUSHPIN HOLDINGS L | PETTWAY KARL | 09/01/2011 |
| 2011-M1-157839 | PUSHPIN HOLDINGS L | SARPY LOUIS | 09/01/2011 |
| 2011-M1-157840 | PUSHPIN HOLDINGS L | MCNAT ODIS W | 09/01/2011 |
| 2011-M1-157841 | PUSHPIN HOLDINGS L | REYES RAUL | 09/01/2011 |
| 2011-M1-157842 | PUSHPIN HOLDINGS L | BARUCH MARCELLE M | 09/01/2011 |
| 2011-M1-157843 | PUSHPIN HOLDINGS | MARTINEZ GUADALUPE | 09/01/2011 |
| 2011-M1-157844 | PUSHPIN HOLDINGS L | MARTINEZ VERONICA | 09/01/2011 |
| 2011-M1-157845 | PUSHPIN HOLDINGS | MARTINEZ DANIEL | 09/01/2011 |
| 2011-M1-157846 | PUSHPIN HOLDINGS | VONGSOUTHY ANDY | 09/01/2011 |
| 2011-M1-157847 | PUSHPIN HOLDINGS | FALLS MATTIE | 09/01/2011 |
| 2011-M1-157848 | PUSHPIN HOLDINGS L | NALASI JOSE | 09/01/2011 |
| 2011-M1-157849 | PUSHPIN HOLDINGS L | SMITH MILTON E | 09/01/2011 |
| 2011-M1-157851 | PUSHPIN HOLDINGS | STEWART DAUN | 09/01/2011 |
| 2011-M1-157853 | PUSHPIN HOLDINGS L | DIAZ ANA M | 09/01/2011 |
| 2011-M1-157854 | PUSHPIN HOLDINGS | PHILLIP WILLIAM | 09/01/2011 |
| 2011-M1-157905 | PUSHPIN HOLDINGS L | JOHNSON DIANE | 09/01/2011 |
| 2011-M1-157906 | PUSHPIN HOLDINGS | THURMAN MARCIA | 09/01/2011 |
| 2011-M1-157907 | PUSHPIN HOLDINGS L | GRANT LILLIE B | 09/01/2011 |
| 2011-M1-157909 | PUSHPIN HOLDINGS L | LOVE LISA | 09/01/2011 |
| 2011-M1-157910 | PUSHPIN HOLDINGS L | GREENE BRIAN | 09/01/2011 |
| 2011-M1-157914 | PUSHPIN HOLDINGS L | DOWE BUNEA | 09/01/2011 |